IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FRED DONALDSON, ALBERT WALTER, III, and MARY CLAWSON, Individually and on behalf of all those similarly situated, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>PHARMACIA PENSION PLAN, PHARMACIA CASH BALANCE PENSION PLAN, PHARMACIA CORPORATION, PHARMACIA & UPJOHN COMPANY, and PFIZER, INC., )<br><br>Defendants. ) | CIVIL NO. 06-3-GPM |

## **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

This action is before the Court on the Motion to Appoint Interim Class Counsel brought by Schlichter, Bogard & Denton ("the SBD firm"), the attorneys for the named Plaintiffs in this case, Fred Donaldson, Albert Walter, III, and Mary Clawson (Doc. 36). For the following reasons, the motion is **DENIED**.

Rule 23 of the Federal Rules of Civil Procedure provides that a court "may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." FED. R. CIV. P. 23(g)(2)(A). *See also In re Cardinal Health, Inc. ERISA Litig.*, 225 F.R.D. 552, 554 (S.D. Ohio 2005) (order appointing lead counsel in which the court considered the needs of a certified class although, at the time of the order, the class was only a putative one). The commentary to Rule 23 explains that the rule "authorizes [a] court to designate interim

counsel during the pre-certification period if necessary to protect the interests of the putative class." FED. R. CIV. P. 23 advisory committee's note.

The type of situation in which interim class counsel is appointed is one in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members. For example, the commentary to Rule 23 explains that interim counsel may be necessary so that there will be one attorney responsible for "tak[ing] action to prepare for the certification decision." FED. R. CIV. P. 23 advisory committee's note. Also, interim counsel may be necessary to "make or respond to motions before certification." *Id*. Third, interim counsel may be necessary so that "[s]ettlement may be discussed before certification." *Id*. Finally, the commentary to Rule 23 notes that "[i]n some cases … there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate." *Id*. The Manual for Complex Litigation (Fourth) says,

> If … there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, a number of lawyers may compete for class counsel appointment. In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.

Manual for Complex Litigation (Fourth) § 21.11 (2004).

Importantly, both the commentary to Rule 23 and the Manual for Complex Litigation (Fourth) indicate that appointment of interim counsel is not appropriate where, as here, a single law firm has brought a class action and seeks appointment as class counsel. The Manual explains, "[i]f the lawyer who filed the suit is likely to be the only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary." Manual for Complex Litigation (Fourth) § 21.11. Similarly, the commentary to Rule 23 states that "[o]rdinarily, such

work" as interim counsel is appointed to do "is handled by the lawyer who filed the action." FED. R. CIV. P. 23 advisory committee's note.  Consistent with the commentary to Rule 23 and the Manual, the Court's research indicates that the kind of matter in which interim counsel is appointed is one where a large number of putative class actions have been consolidated or otherwise are pending in a single court.  *See, e.g., Smith v. Aon Corp.*, No. 04 C 6875, 2006 WL 1006052, at *2 (N.D. Ill. Apr. 12, 2006); *Turner v. Murphy Oil USA, Inc.*, Civ.A. No. 05-4206, 2006 WL 267333, at *1, *12 (E.D. La. Jan. 30, 2006); *Hill v. The Tribune Co.*, No. 05 C 2602, 05 C 2640, 05 C 2684, 05 C 2927, 05 C 3374, 05 C 3377, 05 C 3390, 05 C 3928, 2005 WL 3299144, at **3-5 (N.D. Ill. Oct. 13, 2005); *In re Delphi ERISA Litig.*, 230 F.R.D. 496, 497-99 (E.D. Mich. 2005).  *Cf. In re Issuer Plaintiff Initial Pub. Offering Antitrust Litig.*, 234 F.R.D. 67, 69-70 (S.D.N.Y. 2006).

In this instance there is only a single putative class action before the Court in which only a single law firm seeks appointment as class counsel.  The SBD firm's submissions to the Court in support of their request for appointment as interim class counsel suggest that the firm is well qualified to represent the proposed class.  However, absent special circumstances requiring appointment of interim counsel, the Court prefers to take up the matter of adequacy of representation and appointment of class counsel at such time as Plaintiffs may seek class certification.  Accordingly, the Motion to Appoint Interim Class Counsel is **DENIED** (Doc. 36).

**IT IS SO ORDERED.**

DATED:  05/10/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge